UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VALENCIA RENA GARNER,

    Plaintiff,

v.                              Case No: 6:17-cv-1454-Orl-18TBS

REGIONS BANK, SALOME SPOONER,
CENTRAL INTELLIGENCE AGENCY,
DOUGLAS COUNTY POLICE
DEPARTMENT 911
COMMUNICATIONS, M. NEUMEYER, K.
RIGGS and RACE TRACE GAS
STATION,

    Defendants.

## REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, which I have construed as a motion for leave to proceed *in forma pauperis* (Doc. 2). Federal courts may allow an individual to proceed *in forma pauperis* if that person declares in an affidavit that she "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, prior to determining whether a plaintiff qualifies to proceed *in forma pauperis*, the Court must review the complaint to determine whether it should be dismissed for any number of reasons, including lack of venue. See generally, Bricker v. Cobb Cnty, Gov't. & Pers., 399 F. App'x 463 (11th Cir. 2010); Lloyd v. Andrews, No. 5:12cv30/MP/CJK, 2012 WL 2904236, at *1 (N.D. Fla. Feb. 16, 2012); Michaels v. Satish, No. 3:10cv2/MCR/MD, 2010 WL 1408276, at * (N.D. Fla. Mar. 1, 2010).

On August 7, 2017, *pro se* Plaintiff, a resident of Decatur, Georgia (Dekalb County), filed a complaint against a Regions Bank branch located in Douglasville, Georgia (Douglas County); Salome Spooner, a bank teller; the Douglas County Police Department 911 Communication Department; Douglas County Police Officers M. Neumeyer and K. Riggs; a RaceTrac gas station located in Douglasville, Georgia; and the Central Intelligence Agency (Doc. 1). The complaint is difficult to comprehend, but what the Court can surmise is that Plaintiff's claims stem from an altercation and resulting police encounter that occurred at the Regions Bank branch and/or nearby RaceTrac gas station on July 20, 2017 (Id. at 4-5).

A civil action generally may only be brought in a district where: 1) any defendant resides, if all defendants reside in the same state; 2) a substantial part of the events or omissions giving rise to the claim took place, or 3) the defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). A district court may, on its own motion, transfer a civil action to any other district where it might have been brought if doing so will be convenient for the parties and witnesses and serve the interest of justice. See 28 U.S.C. § 1404(a); Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011); see also 28 U.S.C. § 1406(a) (directing a district court to dismiss or transfer an action to an appropriate venue if it determines that the action was filed in the wrong district). The court, though, must provide the parties with notice and an opportunity to be heard before transferring a case to another district court. Tazoe, 631 F.3d at 1336.

This case bears no nexus to the Middle District of Florida. Plaintiff is a resident of Dekalb County, Georgia. The Defendants include a federal agency, as well as businesses, individuals and a police department all located in Douglas County, Georgia

(Doc. 1 at 1-5). And, it appears that the events giving rise to the complaint occurred in or about Douglas County, Georgia. See id. at 4-5. Both, Dekalb and Douglas counties are located in the Atlanta Division of the Northern District of Georgia. N.D.G.A. LR App. A-2.[1]

Upon consideration of the foregoing, I find that the Northern District of Georgia, not the Middle District of Florida, is the proper venue for this action.

Accordingly, it is **RECOMMENDED** that the Clerk of Court **TRANSFER** this case to the United States District Court for the Northern District of Georgia, Atlanta Division for further proceedings.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on August 11, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to

    Presiding United States District Judge
    *Pro se* Plaintiff
    Clerk of Court, MDFL – Orlando Division

---

[1] http://www.gand.uscourts.gov/local-rules.